UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GMAC MORTGAGE,<br><br>         Plaintiff,<br><br>   vs.<br><br>JOSE AMAYA and MARIA ELENA MONTANO,<br><br>         Defendants. | Case No:  C 10-03665 SBA<br><br>**ORDER REMANDING ACTION** |

Plaintiff filed the instant unlawful detainer action against Defendants in the Superior Court of California, County of Alameda, on or about July 27, 2009.  The complaint seeks possession of certain residential property occupied by Defendants.  On August 19, 2010, Defendants filed a pro se notice of removal on the basis of federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, along with a request to proceed in forma pauperis (IFP).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed to be absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed

into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

The Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, Defendants' notice of removal alleges that Plaintiff brings claims in the state court action under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., and the Truth in Lending Act, §12 U.S.C. § 1601, et seq. That is simply incorrect. Plaintiff's complaint is solely for unlawful detainer and does not assert any federal cause of action; in fact, the complaint makes no mention of any federal statute. Federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction. Thus, at the time of removal, on the record presented, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction. Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of Alameda. Defendants' IFP application is DENIED as moot. The Clerk shall close this file and terminate all pending matters.

1    IT IS SO ORDERED.

2   Dated:  November 5, 2010

3                                                                      SAUNDRA BROWN ARMSTRONG
                                                                              United States District Judge

UNITED STATES DISTRICT COURT

1 FOR THE
NORTHERN DISTRICT OF CALIFORNIA

3 GMAC MORTGAGE et al,

            Plaintiff,

   v.

 et al,

            Defendant.
                                            /

Case Number: CV10-03665 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Amaya
22349 Peralta Street
Hayward, CA 94541

Maria Elena Montano
22349 Peralta Street
Hayward, CA 94541

Dated: November 8, 2010

                        Richard W. Wieking, Clerk

                            By: LISA R CLARK, Deputy Clerk